Dear Representative Hill:
You have asked for an Attorney General's opinion relative to dual officeholding. Specifically, you ask whether a local councilman may concurrently be employed as an electrical supervisor for the U.S. Department of Justice at a federal prison.
LSA-R.S. 42:63(A)(1) provides:
 Except as otherwise provided in this Subsection, no person holding an elective office, appointive office, or employment in any of the branches of state government or of a political subdivision thereof shall at the same time hold another elective office, appointive office, or employment in the government of a foreign country, in the government of the United States, or in the government of another state.
The position of municipal council member is considered an elective office under state law. LSA-R.S. 42:61. LSA-R.S. 42:63 clearly states it would be a violation of the dual officeholding law for an elected official to be employed by the government of the United States.
Moreover, the Hatch Act, 5 U.S.C. § 1502, relative to federal employee's, mandates:
 (a) A state or local officer or employee may not. . .
 * * *
 (3) be a candidate for elective office.
Therefore, it is the opinion of this office that the simultaneous holding of employment with the U.S. Department of Justice and the local elective office of councilman for the Town of Oberlin is in violation of both the state's dual officeholding laws and the Federal Hatch Act.
I trust this sufficiently addresses your concerns. Should you need additional information, please do not hesitate to contact this office at (225) 342-7013.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL
RPI:CMF:gbl